## E. R. Reed Contractor Company, Inc., et al. *v.* Keener, et al.

Argued January 12, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*George H. Thompson,* with him *Karl E. Weise* and *Hirsch, Weise & Tillman,* for appellants.

*R. Thomas Strayer,* for appellee.

OPINION BY JUDGE ROGERS, February 23, 1973:

Clarence Keener was injured on March 20, 1961 while at his work for E. R. Reed Contractor Co., Inc. He was paid benefits for total disability. After a period of time, his employer filed a petition to terminate. At the hearing Keener was represented by able counsel, later a Workmen's Compensation referee. No witnesses were called because the parties stipulated that beginning March 6, 1962 the claimant's disability had changed to one of partial disability and that an award of $27.50 per week should be paid. Mr. Keener was sworn and asked by the referee if he understood and was satisfied with the stipulation, which questions he answered in the affirmative. An award was duly made.

In September, 1963, the claimant filed a claim petition alleging total disability from the date of his injury

on March 20, 1961. There was a hearing in June, 1964, at which the claimant was again represented by counsel. By agreement the petition was withdrawn and a supplemental agreement, dated June 18, 1968, entered into reciting that Keener's partial disability had increased and providing that he should be paid at the then maximum partial disability rate of $32.50 from July 26, 1963.

The then 350-week limitation on payments for partial disability under the award of 1962 and the supplemental agreement of 1964 was reached November 18, 1968. On November 6, 1968, with new counsel, Keener filed a petition entitled "Termination or Modification of Agreement or Award on Ground of Changed Disability (2nd paragraph Section 413)" in which he alleged that his disability increased to total during March, 1963, a date prior not only to that of the supplemental agreement then in effect but also to the date on which by that agreement maximum compensation for partial disability commenced. Proceedings on this petition concern us here. At the referee's hearing both the claimant and the physician who had treated him since shortly after his injury, called in his behalf, testified that the claimant had been totally disabled since the time of his injury in March of 1961. The employer's medical witness testified that the claimant was suffering from no disability attributable to the injury of 1961. The referee found no disability related to the industrial accident and concluded that the claimant was not entitled to compensation.

On appeal, the Board vacated the referee's determination and awarded compensation for total disability from November 18, 1968, the date the claimant's compensation for partial disability ended.

The Board misapprehended the issue. Claimant's petition was to modify the supplemental agreement for partial disability entered into between him and the

employer June 18, 1964. He had the burden of proving that his disability had increased after that date. *Gill v. Fives,* 170 Pa. Superior Ct. 564, 88 A. 2d 109 (1952).

The second paragraph of Section 413 of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §772, provides: "The board . . . may, at any time modify, reinstate, suspend, or terminate an original or supplemental agreement or an award, upon petition filed by either party with such board, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased. . . . Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased. . . ."

Claimant did not carry his burden of proving an increase of disability by testimony tending to show that he had been totally disabled since the time of his injury. That he was at a time after his accident partially disabled was twice litigated and determined in proceedings in which he was represented by counsel. As we held in *Henderson v. Air Master Corporation,* 2 Pa. Commonwealth Ct. 275, 276 A. 2d 581 (1971), a petition under the second paragraph of Section 413 cannot be used to relitigate the extent of disability determined years past.

## ORDER

And Now, to wit, this 23rd day of February, 1973, the adjudication of the Workmen's Compensation Appeal Board is set aside.