Gladys Supply Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Clarence F. Boyer, Respondents.

Argued June 9, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*William G. Malkames,* for appellant.

*Michael P. McIntyre,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE ROGERS, July 14, 1977:

Clarence Boyer sustained injuries in the course of his employment with Gladys Supply Company in February 1963 which were the occasion of six later operations on his back. He was paid compensation for total disability under an agreement until June 1964 when he executed a final receipt and returned to work. In December 1964 Boyer filed a petition to set aside the final receipt. After hearings Boyer was awarded compensation for total disability in July 1966. In October 1966 the employer and its carrier filed for termination.

The termination proceeding ended when the referee made an award based on a stipulation of the parties made in December 1967 that Boyer was 70% disabled and that the employer or its carrier would pay him $35 per week for 350 weeks as compensation for that disability.

At the conclusion of the 350 weeks of payment for partial disability Boyer filed a timely petition to modify the award. A referee dismissed the petition based on his finding that Boyer failed to establish a change in his condition since December 1967 and his conclusion that the agreement on which the 1967 award of partial disability was based was valid and barred any claim for additional compensation.

On Boyer's appeal, the Workmen's Compensation Appeal Board held that the referee had capriciously disregarded competent evidence in finding that Boyer had not proved a change in his condition after December 1967. The Board further held that the referee had erred in holding that the December 1967 stipulation barred Boyer's application for modification. In this regard the Board relied on Section 407 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §731, which provides, *inter alia*, that any agreement which varies the period during which compensation is payable by law shall be of no effect. The Board set aside the referee's decision and remanded the record for findings based on the claimant's evidence.[1] The employer's carrier has appealed.

The appellant, which adduced no evidence, says that the referee's finding that Boyer had not proved a change in disability is supported by the evidence and that Boyer did not prove an increase in his disability

---

[1] No objection is raised that the present appeal is interlocutory, probably because the parties agree that the Board's order requires the referee to award compensation.

after 1967. Boyer argues that the evidence he adduced at the hearing, consisting of his own and two doctors' testimony, proved that he was at the time of the hearings totally disabled and that this perforce proved an increase in his condition of 70% disability in 1967 as stipulated by the parties. The claimant's two medical witnesses testified that Boyer was totally disabled when examined before the referee's hearings in late 1975 and early 1976. Neither doctor had personal knowledge of Boyer's condition in 1967; one of them however said that, based on an adjudged 70% partial disability in 1967, he believed Boyer's condition had deteriorated since that time. Boyer unequivocably testified that his condition became worse and his disability increased after 1967. We agree with the Board that the referee's finding that the claimant failed to establish a change or difference from his physical condition as of December 1967 was the result of an improper disregard of the evidence. The referee gives no reason for disregarding the claimant's evidence. Since the referee concluded that Boyer had effectively bargained away the right to seek additional compensation in 1967, he may not have attached much importance to this factual issue.

The case is similar on the facts to *Redwood Enterprises v. Darabant,* 7 Pa. Commonwealth Ct. 421, 298 A.2d 675 (1973) where we upheld an award where the claimant proved the increase by evidence of present total disability compared to an earlier stipulated condition of 50% disability.

We believe that the Board correctly decided the case and enter the following

### Order

And Now, this 14th day of July, 1977, the order of the Workmen's Compensation Appeal Board is affirmed and the record is remanded for further proceedings in accordance with that order.