Michele Mancini, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Saldutti & Belfatti, Respondents.

Argued December 18, 1981, before Judges Rogers, Blatt and Williams, Jr., sitting as a panel of three.

*William F. Sweeney,* with him *John F. Ledwith, Schubert, Mallon, Walheim & deCindis,* for petitioner.

*Spencer A. Manthorpe, Hepburn, Ross, Willcox & Putnam,* for respondent, Saldutti & Belfatti.

Opinion by Judge Rogers, February 9, 1982:

Michele Mancini suffered an injury to his back in 1966 when he fell from a ladder in the course of his

employment. He here appeals from an order of the Workmen's Compensation Appeal Board reversing the action of a referee granting the prayer of Mancini's petition that an award to him of compensation for partial disability be modified so as to provide compensation for total disability. Because we conclude that the referee's order approving compensation for total disability was proper, we reverse the Board's order.

Mancini and his employer entered into a compensation agreement in 1966 pursuant to The Pennsylvania Workmen's Compensation Act,[1] providing compensation for total disability on account of Mancini's injury. Later the employer filed a petition for termination of the agreement based on its allegation that Mancini had refused reasonable medical care.[2] This petition was resolved by a referee's award of compensation for partial disability of February 17, 1970, which order was the result of a stipulation of the parties that Mancini was totally disabled but that he refused medical care which would have reduced his disability to ten per cent. The amount of the award was calculated appropriately for a ten per cent disability.[3] No appeal from this order was taken.

Near the end of the then applicable statutory compensation period of 350 weeks, Mancini filed his modification petition alleging that he is totally disabled and unable to work. The referee who heard this application found in Mancini's favor and entered an order awarding compensation for total disability. The

---

[1] Act of June 2, 1915, P.L. 736, §§101 et seq., as amended, 77 P.S. §§1 et seq.

[2] See §306(e) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, renumbered §306(f) by the Act of June 21, 1939, P.L. 520 §1, 77 P.S. §531.

[3] Section 306(b) of the Act, 77 P.S. §512. The duration of payments was then 350 weeks.

employer appealed to the Board, which reversed. This appeal followed.

One seeking to modify an award or agreement for compensation must produce competent evidence of a change in the workman's physical condition occurring since the date of the award or agreement.[4] *Airco-Speer Electronics v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 539, 333 A.2d 508 (1975). The party seeking modification has the burden of proof. *Cerny v. Schrader & Seyfried, Inc.,* 463 Pa. 20, 342 A.2d 384 (1975). Where the party bearing the burden of proof prevailed before the referee, and the Board took no additional evidence, our review is limited to determining whether there has been a violation of constitutional rights, an error of law committed or whether any necessary finding of fact is unsupported by substantial evidence. *David v. Bellevue Locust Garage,* 12 Pa. Commonwealth Ct. 602, 317 A.2d 341 (1974). "Under the Act, the referee is the fact-finder and the Board may disregard the findings of fact of the referee only if they are not supported by sufficient competent evidence. Universal Cyclops Steel Corporation v. Krawczynski, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973)." *Cornman v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 413, 415, 424 A.2d 637, 638 (1981).

The referee who decided the matter now in litigation found

5. That the claimant's disability has deteriorated since 1970 and as of March 11, 1976 [the date of his examination by the medical expert] he became totally disabled and remains so disabled up to the present time and will be so disabled for indefinite [sic] time into the future,

---

[4] Section 413 of the Act, 77 P.S. §772.

The employer argues that this finding is not supported by substantial evidence. We disagree.

On direct examination at the hearing, Mancini testified as follows:

Q: Have you tried to do any other job since 1970?

A: I try to do something around the house, but I can't finish anything.

Q: Why not?

A: I have to lie down because my back is bothering me.

Q: What has the condition of your back been since 1970?

A: It got worse.

Q: In what way?

A: In a couple years it got worse.

Q: In what way did it get worse?

A: The pain increased.

Later in the hearing, the referee questioned Mancini further on this point:

Q: You told us, and correct me if I am wrong—I think you said after 1970 you had an increase in pain in your back?

A: Yes, the last couple years.

Q: Over the last few years?

A: Yes.

Q: How was the pain different from what it was before?

A: Before I had lighter pain, but now it is getting worse. I have a bigger pain now. . . .

Q: You have more back pain?

A: Yes.

This is clearly substantial competent evidence supporting the questioned finding. *Harman Coal Co. v. Dunmyre,* 474 Pa. 610, 379 A.2d 533 (1977); *see also Gladys Supply Co. v. Workmen's Compensation Ap-*

*peal Board,* 31 Pa. Commonwealth Ct. 64, 375 A.2d 401 (1977). Furthermore, Mancini's testimony was generally corroborated by that of his medical expert, a board certified orthopedic surgeon.

The employer argues that Mancini is attempting to relitigate the question of disability, not permitted in a modification proceeding. *Airco-Speer Electronics v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 539, 333 A.2d 508 (1975). This argument fails where, as we have noted here, there is competent evidence of a deterioration in condition since the last award. In *Workmen's Compensation Appeal Board v. Gimbel Brothers,* 19 Pa. Commonwealth Ct. 176, 338 A.2d 755 (1975), we held on facts substantially similar to those in the case at bar that an agreement to pay compensation for less than total disability based on a refusal to accept reasonable medical services, does not bar a claimant from later modifying that agreement upon a showing that the condition has worsened since the last award.

The employer contends that the legislature must have presumed that all conditions will deteriorate in time if a claimant refuses to undergo reasonable medical care, and that *Gimbel* should be overruled. We find no support for evidence of such a presumption in 77 P.S. §531,[5] dealing with the refusal of reasonable medical care; and 77 P.S.§772,[6] dealing with modification petitions generally, suggest a view consonant with our holding in *Gimbel* in providing that modification petitions may be filed ''at any time.''. We further note that the employer has offered no evidence to support its contention that if Mancini had received the medical care he refused in 1970 his disability would not have worsened thereafter.

---

[5] See n. 2 *supra.*

[6] Section 413 of the Act, 77 P.S. §772.

The employer also says that Mancini is attempting to relitigate the issue of whether he refused reasonable medical care in 1970. This argument is misplaced. Although both parties discuss the issue of refusal of reasonable medical care, this case concerns a modification petition where the sole issue is whether the claimant's condition has changed since the earlier award.

The employer argues that Mancini failed to prove that his injury at work is the cause of his present condition. Our review of the evidence causes us to conclude that there is no merit to this contention.

Order reversed; an appropriate judgment order will be entered.

### ORDER

AND Now, this 9th day of February, 1982, the order of the Workmen's Compensation Appeal Board, docketed to No. A-72572, filed January 8, 1981 is reversed and the referee's order of December 15, 1976 is reinstated. The respondents are ordered to pay to the claimant compensation for total disability at the rate of $52.50 per week commencing on March 11, 1976 and continuing thereafter until such time as the claimant's disability shall change or cease within the meaning of The Pennsylvania Workmen's Compensation Act; interest is assessed at the rate of 10% on accrued compensation, from the date accrued. The respondents are entitled to credit for all compensation paid claimant beginning March 11, 1976. It is further ordered that attorney's fees of 20% of the compensation awarded to the claimant in this case shall be paid to John F. Ledwith, Esquire. The balance of the compensation award shall be paid directly to the claimant.

Judge PALLADINO did not participate in the decision in this case.