Jurisdiction relinquished.

**MARIANI AND RICHARDS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (KOWA-LECKI), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 7, 1994.

Decided Dec. 20, 1994.

Dale A. Cable, for petitioner.

Jonathan E. Jones, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Mariani and Richards (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) that affirmed a referee's denial of Employer's petition for modification for Richard Kowalecki (Claimant). We vacate and remand for reasons as hereinafter discussed.

Claimant, a construction worker, was injured on September 25, 1984, and subsequently received benefits under a notice for compensation payable. Thereafter, on June 24, 1987, Employer filed a Modification Petition alleging Claimant's full recovery from his work-related injury.

The referee granted Employer a suspension of benefits and found that Claimant was capable of returning to his pre-injury position.[1] The Board reversed the decision of the referee and remanded the case because Claimant did not have the opportunity to present his medical witness, Dr. John Nicholas. On remand, the referee refused to grant Employer's Modification Petition.

█ The Board affirmed this second decision of the referee and found substantial evidence existed to support his decision. On appeal before this Court,[2] Employer asserts that the referee erred in refusing to terminate Claimant's benefits. Even though Employer originally in its petition requested a modification of benefits,[3] it argues that the referee erred in refusing to terminate Claimant's benefits as the referee found Claimant had recovered from his work-related injury. Claimant counters this argument by asserting that substantial evidence supports the referee's conclusion that a termination of benefits is not proper in this case. We agree.

█ This Court, in *Boehm v. Workmen's Compensation Appeal Board (UPS)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990), held that a referee can only grant an employer that relief which is requested. In *Boehm*, the referee granted, *sua sponte*, the termination of partial disability benefits to a claimant when the employer only requested a modification. In this case, Employer attempts to argue that the referee erred in not granting Employer a termination of Claimant's benefits. However, Employer only requested a modification of benefits; therefore, the referee would have erred *if* he would

1. The referee granted a suspension of benefits, even though Employer asked for a modification of benefits.

2. Our scope of review is limited to determining whether an error of law has been committed, findings of fact are supported by substantial evidence or constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

3. Employer, in its petition, clearly crossed out the words termination and suspension, to provide as follows: "PETITION FOR TERMI-NATION, SUSPENSION, OR MODIFICATION OF COMPENSATION, Section 413." Also, Em-

ployer's petition clearly requests a modification as Employer asserted the following in its original petition:

> The claimant has recovered sufficiently from injury sustained in an accident which occurred on September 25, 1984 and the claimant is able to work. A job has been offered to the claimant which he can do within any limitations indicated by a physician. Competent medical testimony will be supplied indicating the type of work the claimant can do. In addition, competent medical testimony will be supplied indicating the limitations, if any.

have granted a termination. Therefore, the referee did not commit error in failing to terminate Claimant's benefits.[4] This Court, in *Boehm*, additionally noted that to allow a referee to terminate benefits when a termination was not requested, would circumvent the policy underlying The Pennsylvania Workers' Compensation Act.[5] However, we also take judicial note of other decisions decided by this Court that view the Act as empowering a referee to take any appropriate action as indicated by the evidence upon the filing of a petition by either party.[6]

■ Assuming arguendo, that the referee would have been permitted to terminate Claimant's benefits when Employer had only requested a modification, the outcome of this case would not be affected. This is due to two reasons: first, the referee credited Employer's medical expert, Dr. Zimmerman, who opined that Claimant was only capable of *moderate capacity work*,[7] and second, that the referee found Employer had failed to offer Claimant his previous position or a position suitable to Claimant's limitations.[8]

Employer also argues that the referee erred in continuing Claimant's benefits while

finding that Claimant did not pursue the positions Employer offered to Claimant.

The referee found that the referrals made by Employer were not suitable to Claimant's limited capabilities. The referee also found that the six positions offered to Claimant required him to possess skills outside of his previous job requirements and his abilities.[9] The referee made this determination based only on Claimant's own testimony.

■ The Supreme Court of Pennsylvania in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), set forth the elements an employer needs to successfully modify a claimant's benefits. First, an employer must produce medical evidence of a claimant's change in condition. Second, the employer must produce evidence of job referrals which conform to the claimant's present medical condition and occupational category. Once employer successfully proves these two criteria, the burden then shifts to the claimant to show that first, the job referrals were followed through in good faith and second, that the referrals failed to result in a job.

4. Employer cites *Yezovich v. Workmen's Compensation Appeal Board (USX Corp.)*, 144 Pa.Commonwealth Ct. 601, 601 A.2d 1341 (1992), as standing for the proposition that "the form of a petition is not determinative where the record warrants the relief granted by the referee." *Id.* This case, however, is distinguished from *Boehm*, as *Yezovich* dealt with a referee's expansion of dates for a modification and not, as in the instant case, a change from a modification to that of a termination.

5. Section 413 of The Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

6. *See Hawkins v. Workmen's Compensation Appeal Board (Medical College of Pennsylvania)*, 138 Pa.Commonwealth Ct. 180, 587 A.2d 387 (1991) and *Bell Telephone Co. of Pennsylvania v. Workmen's Compensation Appeal Board (Rothenbach)*, 98 Pa.Commonwealth Ct. 332, 511 A.2d 261 (1986).

7. In the referee's second opinion, filed on July 27, 1990, Finding of Fact No. 8 states in pertinent part:

Dr. Zimmerman opined that from the standpoint of the Claimant's work-related injury, the

claimant was capable of returning to his pre-injury occupation, but from the standpoint of his non-work-related spinal stenosis, the Claimant was only capable of *moderate capacity work*.

8. Employer also argues that, on remand, the referee exceeded the scope of the remand order of the Board. We find this argument moot, as we are remanding this case to the referee for determination of another issue. We, therefore, will not further discuss this issue.

9. In the referee's second opinion, filed on December 16, 1992, Finding of Fact No. 2 states:

In support of its initial modification petition the employer presented six separate positions to the claimant but he applied for none of them. These positions were as a cashier for a Sunoco Self–Service station, a sales clerk at FotoHut, a service station attendant at Bridge Motors, a retail sales clerk at Busy Beaver Building Center, and a cashier/sales person at Whitlock Auto Supply, and a production helper at Color Craft Corporation. Each of these jobs required the claimant to make mathematical calculations or have some ability to read and or make computer entries. *Claimant did not apply for any of these jobs because the claimant*

■ The first element in *Kachinski* has been met. The referee found as fact Claimant's ability to return to his pre-injury occupation.[10] Therefore, as substantial evidence[11] supports the referee's finding of a change in Claimant's medical condition, there exists no dispute that Employer has satisfied its burden as to this first element.

■ Second, an employer must provide job referrals within claimant's present medical condition and occupational category. In this case, the referee found that the referrals made by Employer were not suitable to Claimant's capabilities and on this finding alone, refused to grant Employer its modification petition. We disagree with this finding. The referee found as a fact that Claimant was "barely literate and unable to write well or spell,"[12] however, there is no evidence in the record, other than Claimant's own statements, which could have led the referee to this conclusion. Indeed, the record reveals no evidence which reflects Claimant's actual literacy level.

This Court in *Champion Home Builders v. Workmen's Compensation Appeal Board (Ickes)*, 136 Pa.Commonwealth Ct. 612, 585 A.2d 550 (1990), ruled that it is the referee's job, as factfinder, to determine whether a claimant can perform the job in question.[13] We find no evidence in the record to show that Claimant is unable to perform the duties necessary concerning any of the six positions Employer referred Claimant to. For instance, Melanie Russell, a vocational consultant hired by Employer, testified that when she met with Claimant, she learned he had completed eight grades of schooling, but he never revealed or indicated any alleged deficiency in reading or writing. Further, that if he had revealed any such alleged deficiency, she would have tested Claimant to determine such deficiency. After her meeting with Claimant, she found Claimant six employment opportunities which involved only minimal competency which he would have, in part, acquired through experience and everyday living. She also stated that Claimant possessed such minimal competency and believed that any further skills would be provided through on-the-job training.

■ In fact, the only evidence concerning Claimant's alleged illiteracy is his own testimony in which he stated he could not perform the duties of the six positions presented to him. However, Claimant failed to apply for any of the positions, therefore making no attempt to ascertain the responsibilities associated with these positions.[14]

As there lacks sufficient evidence to show that Claimant cannot actually perform any of the six positions Employer referred him to, we remand this case for the referee to complete the record as to this issue. The entire question here revolves around whether or not the positions in question are within Claimant's capabilities. The referee erred in concluding that the six positions were not within Claimant's abilities, based only on Claimant's testimony that he could not perform them.

■ It is not enough for a claimant to merely assert that he or she cannot perform a position in order to meet the good faith requirement under *Kachinski*. When a

---

is barely literate and unable to write well or spell. (Emphasis added.)

10. In the referee's second opinion, filed on December 16, 1992, Finding of Fact No. 9 states: This referee finds the testimony of Dr. Zimmerman to be more credible than that of Dr. Cosgrove and agrees with Dr. Zimmerman that the claimant, from a standpoint of his work-related injury, would be able to return to his pre-injury occupation.

11. Substantial evidence is defined as sufficient, relevant evidence of record as a whole that a reasonable mind might accept as adequate to support a conclusion. *Gonzalez v. Workmen's Compensation Appeal Board (Penn Pad Co.)*, 143 Pa.Commonwealth Ct. 177, 598 A.2d 650 (1991).

12. *See* Footnote 9.

13. *See also Farkaly v. Workmen's Compensation Appeal Board (Baltimore Life Insurance Co.)*, 516 Pa. 256, 532 A.2d 382 (1987) and *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Lewis)*, 113 Pa.Commonwealth Ct. 230, 536 A.2d 870 (1988).

14. We note that a claimant has a duty to make a reasonable effort in applying for a position which an employer, in good faith, refers him to. Claimant, in this case, made no effort to apply to any of the six positions. His only excuse in doing so was that he felt he could not perform the position as he had problems reading, writing and counting change. We find that this is not an adequate reason.

claimant is referred to a position, in good faith, that claimant is required to at least apply for the position and further inquire whether or not he or she can adequately perform the position.

Accordingly, we vacate the decision of the Board, and remand this case for determination consistent with this opinion.

## ORDER

AND NOW, this 20th day of December, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby vacated and this case is remanded for determination consistent with this opinion.

Jurisdiction relinquished.