**J.E. HOUCK AMBULANCE SERVICE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (BOWSER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 31, 1998.

Decided Oct. 22, 1998.

---

James R. Scallion, Hazleton, for petitioner.

Lester Krasno, Pottsville, for respondent.

Before FLAHERTY and LEADBETTER, JJ., NARICK, Senior Judge.

FLAHERTY, Judge.

J.E. Houck Ambulance Service (Employer) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which reversed the decision of the Workers' Compensation Judge (WCJ) and denied Employer's modification petition. The Board denied the modification petition because it determined that Rebecca Bowser (Claimant) acted in good faith in following through on job referrals and that the position at Miracle Ear was not actually available. We reverse and remand for the proper calculation of benefits.

Claimant sustained a work-related injury to her left arm and upper left extremity while working as an emergency medical technician for which Employer issued a notice of compensation payable. On August 26, 1991, the parties executed a final receipt acknowledging that Claimant was able to return to work. On January 22, 1992, a supplemental agreement was executed acknowledging that Claimant was totally disabled. On February 17, 1994 Employer filed a modification petition alleging that Claimant failed to exercise good faith in following through on various job referrals, which were physician approved. On August 25, 1994, Claimant filed a reinstatement petition alleging that she was unable to continue in her current job.[1]

At the hearing before the WCJ, Claimant testified as to her efforts to obtain a job. The WCJ found her testimony credible. The WCJ also credited the testimony of Carolyn J. Raring (Raring), an employee of Hoover Rehabilitation Services, who referred Claimant to available positions. All of the jobs were approved by Dr. Smullens, who treated

---

1. Claimant obtained a job on her own in April, 1994, working as a deli clerk. However, Claimant testified that she quit her job in August, 1994, because of continued pain.

Claimant for her injury, as being within her physical capabilities. The WCJ determined that Claimant failed to respond in good faith to the Employer's job referrals and that Claimant failed to meet her burden of proving that her cessation of employment with a subsequent employer was a result of her previous work-related injury with the Employer. On appeal, the Board reversed concluding that Claimant made a good faith effort in responding to the position at Miracle Ear and that in fact the position at Miracle Ear was not actually available. This appeal followed.

■ In a modification petition, an employer must produce evidence of a change of condition. The employer must then produce evidence of referrals to a then open job. The burden then shifts to the claimant to show that she has in good faith followed through on the job referrals. If the referrals fail to result in a job, then the claimant's benefits should continue. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). The first issue in this case is whether Claimant responded in good faith to the job referrals. This determination is one of fact to be determined by the WCJ. *See Champion Home Builders Co. v. Workmen's Compensation Appeal Board (Ickes)*, 136 Pa. Cmwlth. 612, 585 A.2d 550 (1990), *petition for allowance of appeal denied*, 528 Pa. 638, 598 A.2d 995 (1991), *Murphy v. Workmen's Compensation Appeal Board (Roadway Express, Inc.)*, 142 Pa.Cmwlth. 416, 598 A.2d 87 (1991), *petition for allowance of appeal denied*, 530 Pa. 649, 607 A.2d 257 (1992).

■ In this case, the WCJ found that Claimant was referred to nineteen positions. Claimant applied to five of these positions but failed to get a job. In granting Employer's modification petition, the WCJ concluded that Claimant failed to respond in good faith to the instructions provided to her in the job referrals.[2] (WCJ's Conclusion of Law No. 5.) He specifically determined that Claimant failed to properly respond to the position

available at Miracle Ear and reduced her benefits based on that job. Concerning the position at Miracle Ear, although the information letter dated October 21, 1992, directed Claimant to apply for a position available at Schuylkill Mall at its Pottsville location, Claimant initially went to the Schuylkill Mall where she was informed that the Miracle Ear store would not be open until January of 1993. Thereafter, Claimant went to the Pottsville location of Miracle Ear where she completed an application but did not receive the job. (WCJ's F.F. No. 13.)

■ The WCJ, in finding that Claimant failed to make a good faith effort, observed that Claimant failed to show that she informed potential employers, including Miracle Ear, that she had been referred by Hoover Rehabilitation Services, as she was instructed to do in the referral letter. Moreover, she failed to show that she spoke to the contact person listed in the referral letter. Thus, although Claimant applied for the position at Miracle Ear, because she failed to complete the instructions contained in the referral letter including speaking to the contact person and informing the potential employer that she was sent by Hoover Rehabilitation Services, the WCJ determined that Claimant failed to meet her burden of showing good faith. We agree that where, as here, the Employer provides specific and reasonable instructions, the claimant is required to comply with them in order to show that she has acted in good faith in following through on the job referral. Because substantial evidence supports the WCJ's finding that Claimant failed to exercise good faith in following through on the job referral, the Board erred in reversing the WCJ's determination. Here, Claimant's failure to inform potential employers that she was sent by Hoover Rehabilitation Services and failure to speak with the contact person, as she was requested to do, was found to be evidence of a lack of good faith and suffices as substantial evidence supporting the WCJ, which evidence we cannot re-

---

2. As to the remaining positions, Claimant credibly testified that she did not have access to a car and some of the opportunities were not accessible by public transportation and that for other positions, public transportation was not available during the hours of the potential employer's hours of operation.

weigh on review. *Bethenergy Mines v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992).

█ In reversing the decision of the WCJ, the Board also determined that the position at Miracle Ear was not available. Specifically, Employer instructed Claimant to apply for the position at Miracle Ear in a letter dated October 21, 1992. However, the store was not due to open until January, 1993. Thus, the Board concluded that the position was not "actually available". We agree that the position was not immediately available. However, applications were being accepted to fill various positions. Merely because a two month window existed between the application process and the opening of the store does not mean that the position was unavailable to Claimant. Rather, Claimant's benefits should be modified as of the day the position became available, January 1, 1993. Although a modification is generally effective on the date of the referral, *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Allen)*, 152 Pa.Cmwlth. 318, 618 A.2d 1224 (1992), in this case because the position was not actually available until January, 1993, benefits should be modified as of that date. Thus, we remand this case to the Board with instructions to remand to the WCJ for correction.

Accordingly, as there is substantial evidence that Claimant did not demonstrate a good faith effort in following through on job referrals, the order of the Board is reversed. This case is remanded to reflect a modification of benefits effective January, 1993.

### ORDER

NOW, October 22, 1998, the order of the Workers' Compensation Appeal Board at No. A95–3888, dated October 22, 1997, is reversed and the case is remanded to reflect the modification of benefits effective January, 1993.

Jurisdiction relinquished. .