919 A.2d 922

**Robert LEWIS, Appellant,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (GILES & RANSOME, INC.), Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 11, 2006.

Decided April 18, 2007.

492

Kenneth M. Rodgers, Esq., Philadelphia, for Robert Lewis.

Lawrence R. Chaban, Esq., for amicus curiae Pennsylvania Trial Lawyers Association.

Amber Marie Kenger, Esq., PA Department of Labor & Industry, Richard C. Lengler, Esq., Workers Compensation Appeal Board, for Workers' Compensation Appeal Board.

Todd M. Felzer, Esq., Marta J. Guhl, Esq., Post & Schell, P.C., Philadelphia, for Giles & Ransome Inc.

BEFORE: CAPPY, C.J., and CASTILLE, NEWMAN, SAYLOR, EAKIN, BAER, BALDWIN, JJ.

### OPINION

Chief Justice CAPPY.

Appellant Robert Lewis appeals from the Order of the Commonwealth Court, which affirmed the termination of his workers compensation benefits. Because we find that employer's Petition to Terminate benefits, its fourth, was insufficient under the Workers' Compensation Act and our prevailing case law for modification or termination of benefits, the Order of the Commonwealth Court is reversed.

Appellant was employed by Giles & Ransome ("Employer") as a truck driver. His duties included loading and unloading the truck using a forklift. On October 8, 1988, Appellant was injured when the forklift he was operating fell off the back of the truck. He subsequently began to collect workers' compensation benefits based on a Notice of Compensation Payable at the rate of $377.00 per week.

On April 23, 1990, Employer filed its first petition to terminate benefits alleging that Appellant had totally recovered from his injuries. On July 12, 1993 Workers' Compensation Judge Martin Burman denied the petition, finding that Appellant was suffering from a C8–T1 radiculopathy and that he had an underlying congenital syrinx and an Arnold–Chiari formation that had been aggravated by the work-injury. On January 4, 1994 Employer filed its second petition to terminate benefits, again alleging full recovery. Workers' Compen-

sation Judge Susan Kelly denied this petition by an August 28, 1997 decision. In addition to the earlier recognized disorders, Judge Kelly accepted that Appellant was also suffering from an L5–S1 radiculopathy that was related to the work injury. Employer filed a third termination petition on April 19, 1999. Appellant, in turn, filed a Petition to Review Notice of Compensation Payable seeking a determination that his left knee injury was caused by his work related injuries. On November 30, 2001, Workers' Compensation Judge Phethuvuyo Gagai issued a decision denying Employer's petition and adding Appellant's left knee condition as a causally-related injury. Employer appealed and on December 9, 2002, the Workers' Compensation Appeal Board affirmed Judge Gagai's decision.

Three days later, on December 12, 2002, Employer filed a fourth termination petition, again asserting full recovery. Employer offered the testimony of Dr. Herbert Stein in support of its petition. Dr. Stein based his assessment of Appellant on a November 6, 2002 examination and a review of the diagnostic tests and evaluations performed on Appellant on or before December 15, 2000. Deposition of Dr. Herbert Stein, 4/29/2003, p. 37. According to his assessment, Dr. Stein opined that Appellant's work-related injuries were limited to an acute cervical spine sprain and an acute lumbosacral spine strain, both of which had healed. *Id.* at p. 27. Dr. Stein asserted that Appellant's Arnold–Chiari malformation and syrinx were completely unrelated to the work injury. *Id.* Dr. Stein also testified that he saw no objective evidence for Appellant's radiculopathy. *Id.* at p. 29. Further, Dr. Stein opined that Appellant's knee injury was caused by patellofemoral degenerative osteoarthritis, and was thus not work-related. *Id.*

On July 2, 2004 Workers' Compensation Judge Harry Shayhorn issued an order granting Employer's termination petition. He explained that he found the testimony of Dr. Stein more credible than that of Appellant's expert, Dr. Evelyn Witkin. Accordingly, Judge Shayhorn held that Appellant had totally recovered from his work related injuries as of November 6, 2002, the date of his examination by Dr. Stein.

On appeal, the Worker's Compensation Appeal Board affirmed Judge Shayhorn's decision. It held that after reviewing the record, the Judge's decision granting the termination petition was supported by substantial competent evidence. Appellant then appealed to the Commonwealth Court.

The Commonwealth Court affirmed in a memorandum opinion. It first held that the WCJ's acceptance of Dr. Stein's characterizations of Appellant's injuries was not barred by a *res judicata* effect of the determinations of the three prior termination proceedings. The court also rejected Appellant's argument that Dr. Stein's testimony does not support a termination of benefits because it was not based on new diagnostic studies, but rather, merely reassessed those already taken in prior proceedings. The Court held that whether to take new diagnostic studies is within the discretion of the medical professional. Finally, the Court rejected the contention that Dr. Stein's testimony does not support the termination of benefits because it was not unequivocal.[1]

We granted review to consider whether an employer must demonstrate a change in a claimant's physical condition since the preceding disability adjudication in order to bring a petition to terminate or modify benefits due to a decrease in physical disability.

Appellant contends that employer's termination petition was not cognizable because it was not premised upon a change of physical condition. Rather, he argues that Employer's expert merely proffered an alternative theory as to the cause of his injuries, which should have been barred by *res judicata*. In addition, Appellant claims that the timing of the fourth petition, filed a mere three days after the conclusion of proceedings on the third petition, evidences bad faith on Employer's part, barring the termination of benefits.

---

1. In *Udvari v. WCAB (USAir, Inc.)*, 550 Pa. 319, 705 A.2d 1290, 1293 (1997), this Court held that when a claimant complains of continued pain, the employer's burden of proof for terminating benefits is met when the employer's medical expert unequivocally testifies that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury.

Employer responds that benefits may be terminated under the Workers' Compensation Act where the employer proves that either the employee's disability has ceased or that any remaining disability arises from a non-work related cause. Further, an employer may meet its burden by presenting unequivocal competent medical evidence that the claimant has fully recovered from the work-related injuries. Here, Employer argues that it has met its burden by presenting the testimony of Dr. Stein, who has opined that any disability that Appellant now suffers is not connected to his work-related injury. Employer relies on *King v. WCAB (K–Mart Corp.)*, 549 Pa. 75, 700 A.2d 431, 435 (1997) for the position that it need not show an actual change in physical condition from the prior proceeding in order to bring its petition. Finally, Employer denies that it had exercised bad faith in filing its forth termination petition.

The Workers' Compensation Act provides that a claimant's benefits may be modified or terminated based upon a change in claimant's disability:

A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department or its workers' compensation judge, upon petition filed by either party with the department, *upon proof that the disability of an injured employee has increased, decreased, recurred, or has temporarily or finally ceased* . . .

77 P.S. § 772 (in relevant part) (emphasis added). Thus, a workers compensation judge may modify or terminate benefits when it has been demonstrated that the claimant's disability has changed.

In *Kachinski v. WCAB (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), this Court outlined a four-part test that must be employed in order for an employer to modify or terminate workers compensation benefits. The first part of the test states: "The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of

this ability must first produce medical evidence of a change in condition." *Kachinski*, 532 A.2d at 380.[2]  Therefore, where an employer seeks to modify or terminate benefits on the basis that the claimant's medical condition has improved, reducing his disability, the employer bears the burden of demonstrating actual physical improvement.  *See Dillon v. WCAB (Greenwich Collieries)*, 536 Pa. 490, 640 A.2d 386 (1994).

It is instructive to note the differences in language between the terms of the Act and our decision in *Kachinski*.  Whereas the Act refers to a change of disability, *Kachinski* speaks of a change of condition.  The two terms are not synonymous. This Court has defined "disability" in the workers' compensation context as "loss of earning power."  *City of Philadelphia v. WCAB (Szparagowski)*, 574 Pa. 372, 831 A.2d 577, 585 (2003) (*quoting Landmark Constructors, Inc. v. WCAB (Costello)*, 560 Pa. 618, 747 A.2d 850, 854 (2000)).  "Change of condition," on the other hand, is any change in the claimant's physical well being that affects his ability to work.  *City of Philadelphia*, 831 A.2d at 585.  It can be the total recovery from an illness or merely that the symptoms subside.  *Id.*

In order to terminate benefits on the theory that a claimant's disability has reduced or ceased due to an improvement of physical ability, it is first necessary that the employer's petition be based upon medical proof of a change in the claimant's physical condition.  Only then can the workers' compensation judge determine whether the change in physical condition has effectuated a change in the claimant's disability, i.e., the loss of his earning power.  Further, by natural extension it is necessary that, where there have been prior petitions to modify or terminate benefits, the employer must demonstrate a change in physical condition since the last disability determination.  Absent this requirement "a disgrun-

**2.**  The other three steps require that 2) the employer must then produce evidence of a referral to a then open job, which fits in the occupational category for which the claimant has been given medical clearance;  that 3) the claimant must then demonstrate that he has in good faith followed through on the job referral(s);  and that 4) if the referral fails to result in a job, then the claimant's benefits should continue.  *Kachinski,* 532 A.2d at 380.

tled employer (or claimant) could repeatedly attack what he considers an erroneous decision of a referee by filing petitions based on the same evidence ad infinitum, in the hope that one referee would finally decide in his favor." *Dillon,* 640 A.2d at 389, *quoting Banks v. WCAB,* 15 Pa.Cmwlth. 373, 327 A.2d 404, 406 (1974).

Once an employer sets forth the change in physical condition required to properly bring a petition to terminate benefits, it still bears a high burden. Disability is presumed until demonstrated otherwise and it is the employer's burden to prove that "all disability related to a compensable injury has ceased." *Pieper v. Ametek–Thermox Instruments Division,* 526 Pa. 25, 584 A.2d 301, 304 (1990). Likewise, in a similarly lodged petition to modify benefits the employer must prove that the improvement in employee's physical condition has reduced the degree of disability. *See e.g. Dillon, supra.*

Against this background our Court decided the case of *King v. WCAB (K–Mart Corp.),* 549 Pa. 75, 700 A.2d 431 (1997). *King* stands out among the decisions in this area. In *King,* claimant was deemed totally disabled after a work-related back injury. The employer petitioned to terminate benefits, which was denied. Three years later, the employer again petitioned to terminate benefits, presenting evidence that there was no objective physical basis for the back pain alleged by claimant. This time, the employer was successful and the workers' compensation judge found that the employee was totally recovered. The Commonwealth Court reversed, finding that the employer did not demonstrate a change in physical condition from the time of the first petition to terminate benefits.

On appeal, this Court stated that an employer need not show that the claimant's condition changed from the time of an earlier proceeding in order to terminate benefits. Rather, the majority held that the "[t]he issue in each instance is whether the claimant's disability had changed or ceased as of the time specified in the proceeding." *Id.* The concurring opinion authored by this Justice pointed out that the majority's posi-

tion was contrary to the accepted law of the Commonwealth regarding the modification or termination of benefits under the Workers' Compensation Act. It stated: "the Workers' Compensation Act requires that a party seeking to alter benefits, based upon a change in physical disability, must prove that there has been a change in physical condition since the last legal proceeding addressing the nature and extent of the injury." *Id.* The concurrence stressed that prior case law "has consistently interpreted the Act as requiring evidence of a change in condition from an earlier determination and sets forth compelling reasons for such requirement." *Id.* It further contended that this Court in *Kachinski* specifically held that in a modification or termination proceeding an employer must first produce medical evidence of a change in condition, and stated that "[t]his burden of production requires evidence of a change in condition since the last disability determination." *King,* (concurring opinion), 700 A.2d at 435 (*citing Cerny v. Schrader & Seyfried,* 463 Pa. 20, 342 A.2d 384 (1975); *Mancini v. WCAB,* 64 Pa.Cmwlth. 484, 440 A.2d 1275 (1982); *Banks v. WCAB,* 15 Pa.Cmwlth. 373, 327 A.2d 404 (1974); *E.R. Reed Contractor Co. v. WCAB,* 7 Pa.Cmwlth. 580, 300 A.2d 847 (1973)). The concurrence recognized that while the majority in *King* misstated the law, the outcome was correct as there was sufficient evidence presented to establish a change of condition, i.e., total recovery, from the time of the earlier petition.

Subsequent to *King,* this Court has continued to recognize that *Kachinski* requires an employer to demonstrate a change in physical condition in order to terminate or modify benefits due to a change in physical disability. In *City of Philadelphia,* 831 A.2d at 585, the Court rejected the lower court's contention that there must be an exception to the requirement when the claimant suffers from an irreversible injury because his condition is not, in such cases, subject to change. This Court explained that even when a claimant is suffering from an irreversible disease, his condition may nevertheless change sufficient to satisfy *Kachinski,* and give rise to a modification proceeding. "Condition" is not merely the claimant's underly-

ing diagnosis, but any change in the claimant's physical well being affecting his ability to work. *Id.,* at 585. Thus, this Court, as well as the courts below, have recognized the continuing vitality of the *Kachinski* requirement of demonstrating a change in physical condition in order to bring a modification proceeding. *See also Keys–Pealers, Ltd. v. WCAB (Bricker),* 870 A.2d 936 (Pa.Cmwlth.2005) (holding that an employer seeking modification must show a change in claimant's physical condition); *Mora v. WCAB (DDP Contracting Co., Inc. and Penn National Insurance),* 845 A.2d 950 (Pa.Cmwlth.2004) (same); *Anderson v. WCAB (Pennsylvania Hospital),* 830 A.2d 636 (Pa.Cmwlth.2003) (same); *Dow v. WCAB (Household Finance Co.),* 768 A.2d 1221 (Pa.Cmwlth.2001) (same); *J.E. Houck Ambulance Service v. WCAB (Bowser),* 719 A.2d 840 (Pa.Cmwlth.1998) (same); and *Mariani and Richards v. WCAB (Kowalecki),* 652 A.2d 420 (Pa.Cmwlth.1994) (same).

■ Based upon the above caselaw, it becomes clear that *King* is an anomaly in our workers' compensation law. The prior cases apply the *Kachinski* test to require an employer seeking modification based on improved condition to show a change in claimant's physical condition since the last adjudication. The cases decided subsequently require the same. Although this Court adheres to the principle of *stare decisis,* it will not be bound by a decision that in itself is clearly contrary to the body of the law. *Mayhugh v. Coon,* 460 Pa. 128, 331 A.2d 452, 456 (1975). In such instances, it is consistent with the principle underlying *stare decisis* to purify the body of law by overruling erroneous decisions. This is one of those cases. By overruling *King* we are not ignoring controlling jurisprudence, but rather, merely removing an anomaly from an otherwise healthy body of law. As such, to the extent that *King* suggests that an employer need not establish a change in a claimant's physical condition since the last disability adjudication in order to successfully raise a modification or termination petition due to a decrease in claimant's physical disability, it is overruled.

In order to meet its burden under the first prong of the *Kachinski* test, an employer need only adduce medical evidence that the claimant's current physical condition is different than it was at the time of the last disability adjudication. It is not sufficient, nor is it proper, for an employer merely to challenge the diagnosis of claimant's injuries as determined by a prior proceeding.[3,4] To do so is insufficient to establish the change in condition required by the first prong of *Kachinski*.

3. This Court has set forth an example of how the *Kachinski* rationale is implemented in situations involving the reexamination of a settled diagnosis. In *Hebden v. WCAB (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993), this Court held that an employer could not assert that claimant was no longer suffering from occupational pulmonary disease, which had been determined in an earlier proceeding. Because pulmonary disease is an irreversible condition, to hold that claimant no longer suffers therefrom would merely be a relitigation of the already settled diagnosis. This Court held that collateral estoppel bars such relitigation. The Court reasoned: "If it did not, disability victims could be continually harassed with petitions and hearings where they would be repeatedly forced to redemonstrate or redefend their claim of occupational disease and consequent disability." *Hebden*, 632 A.2d at 1304. As such, where a disease is irreversible, the Court held that the employer is precluded from attempting to show in later workers' compensation proceedings that the claimant does not suffer therefrom. *Id.* at 1305.

   The rationale underlying our decision in *Hebden* is no less applicable in cases in which the claimant's injury is not irreversible. For example, when a claimant has been previously adjudicated disabled due to a reversible injury, an employer may, in a later action, assert that the claimant is no longer suffering from the injury, or is suffering to a lesser extent. Consistent with *Hebden*, however, an employer cannot, in a later action, concede that the claimant is still suffering from the previously-adjudicated injuries, but that those injuries are not work related. To do so would permit the relitigation of the issue of causation, which is barred by collateral estoppel. As this Court stated in *Hebden*, "[i]f such issues can be retried at will, the statutory system of workmen's [sic] compensation would be seriously undermined." *Hebden*, 632 A.2d at 1304.

4. The Concurring Opinion suggests that an employer should be permitted one challenge of an award of workers compensation benefits based upon "purely subjective physical complaints" without having to show a change in physical condition. This position is problematic for two reasons. First, once a Workers' Compensation Judge makes an adjudication of disability, the claimant's condition is not subjective as a matter of law. Rather, it is an adjudicated work-related injury. This determination is appealable as of right. Second, to allow an employer the chance to collaterally dispute an adjudication of disability under-

■ We now turn to the facts of this case, in light of the correct legal framework set forth in *Kachinski*. In this case, as of the time of the fourth termination petition, Appellant's disability had been previously adjudicated as resulting from a work-related C8–T1 and L5–S1 radiculopathy, a congenital syrinx and Arnold–Chiari malformation which had been aggravated by the work-related injury, and a left-knee condition causally related to the work-related injury. In the fourth termination petition, the Employer's expert, Dr. Stein, was free to present evidence that Appellant had recovered from these injuries. He did not. Instead, Dr. Stein recharacterized Appellant's injuries in a manner inconsistent with the prior adjudications. He claimed that Appellant's knee injury was caused by a degenerative condition and is completely non-work related. He stated the same regarding Appellant's syrinx and Arnold–Chiari malformation. As to the radiculopathies, Dr. Stein opined that there was no objective evidence supporting their existence. Dr. Stein's diagnosis was that Appellant's work-related injuries were limited to an acute cervical spine sprain and an acute lumbrosacral spine strain, from which he had completely recovered.

We conclude that Dr. Stein's opinion is not sufficient to meet the first prong of the *Kachinski* test; that the Appellant's physical condition has changed since the last adjudication. His opinion concedes that Appellant was in the same condition, and was, in fact suffering from the same disorders with which he had been previously diagnosed. Dr. Stein's opinion merely attempts to recharacterize the cause of those conditions, which, as explained above, is barred by issue preclusion. As such, Employer has not predicated its fourth termination petition on medical evidence of a change in Appellant's physical condition as required by *Kachinski*. Without doing so, Employer lacked sufficient grounds to maintain the fourth termination petition. It was, consequently, improperly considered by the workers' compensation judge.

mines the finality of judgments and rewrites the doctrine of collateral estoppel.

For the forgoing reasons, the order of the Commonwealth Court affirming the termination of Appellant's workers' compensation benefits is vacated.[5] We reaffirm the principle that in order to modify or terminate workers' compensation benefits on the basis of a decrease in physical disability, the employer must show a change in physical condition since the preceding disability adjudication.

Former Justice NEWMAN did not participate in the decision of this matter.

Justice CASTILLE, SAYLOR, EAKIN and BAER join the opinion.

Justice BALDWIN files a concurring opinion.

Justice BALDWIN, concurring.

While I join the majority's opinion and agree to vacate the order of the Commonwealth Court, I write separately as I believe that the majority's opinion is overbroad. The majority's holding precludes an employer from successfully demonstrating, absent a change in physical condition, that a claimant's purely subjective physical complaints are unsubstantiated.

The Workers' Compensation Act provides that an employee may at any time file a petition to modify, reinstate, suspend, or terminate a claimants receipt of benefits on grounds that the disability of an injured employee has increased, decreased,

5. Appellant has also raised the related issue of whether, regardless of the substantive validity of Employer's fourth termination petition, its timing, a mere three days after the conclusion of the proceedings under the third petition, evidences a failure to exercise good faith in seeking termination as required by *Kachinski* and that Employer's petition should be rejected on this basis alone. This Justice has suggested that the timing of an otherwise valid repeat termination or modification petition within an unreasonably short period of time from a prior petition may very well indicate bad faith on the part of the Employer, which may invalidate the petition. *See King*, 700 A.2d at 436 (Cappy Concurring). Such a determination is by necessity fact-specific. As Employer here has not met the requirements to bring a termination petition, we need not address whether the timing of the defective petition evidences bad faith on the part of Employer and the effect of such bad faith on Employer's petition.

recurred, or has temporarily or finally ceased. 77 P.S. § 772. The majority holds that in order to terminate or modify benefits, an employer must provide medical evidence that the claimant's current physical condition is different than it was at the time of the last disability adjudication. The majority's holding is functional in those circumstances where the claimant's injuries are readily demonstrable by objective physical evidence. However, the majority renders it impossible for an employer to succeed on a petition to terminate or modify benefits where there is no objective evidence to support the existence of a claimant's subjective complaints. Although the employer may establish that there is no objective basis for a claimant's subjective complaints of continuing pain, under the majority's reasoning, the employer is precluded from asserting that the claimant has recovered, absent evidence of a change in physical condition from the previous adjudication. If there is no initial evidence of a claimant's physical condition, how can an employer provide evidence of a change in physical condition? Only a change in disability can be shown.

In *Udvari v. Pa.Cmwlth.WCAB (USAir)*, 550 Pa. 319, 327, 705 A.2d 1290, 1293 (1997), we held:

> The determination of whether a claimant's *subjective* complaints of pain are accepted is a question of fact for the WCJ. In the absence of *objective* medical testimony, the WCJ is neither required to accept the claimant's assertions nor prohibited from doing so.... A contrary conclusion would lead to the absurd result that a claimant could forever preclude the termination of benefits by merely complaining of continuing pain.

*Id.* (emphasis added).

An employer meets its burden of proving that the work injury has ceased where "an employer's medical expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury." *Udvari*, 550 Pa. at 327, 705 A.2d at 1293. Contrary to *Udvari*, the

majority's opinion in the instant case would foreclose an employer from being able to succeed on a termination or modification petition by demonstrating that despite there being no physical evidence of a change in condition since the prior adjudication, the claimant's subjective physical complaints are unsubstantiated.

In *Hebden v. WCAB (Bethenergy Mines, Inc.)*, 534 Pa. 327, 331, 632 A.2d 1302, 1304 (1993), we acknowledged that *res judicata* or issue preclusion prevents an employer from relitigating, by way of a petition to modify or terminate benefits, the original medical diagnosis underlying a referee's finding of a claimant's disability as of the date of the compensation award. However, we added in *Hebden* that "[w]e do not lose sight of the fact that the Workmen's Compensation Act at section 413 (77 P.S. § 772) expressly provides that an award may be terminated based upon changes in the employees disability." We held that where an employee's condition is changeable, that condition may be re-examined at a later time to see if he is still disabled, but where the condition is irreversible, an attempt to re-examine the employee's condition is precluded by res judicata and constitutes an attempt to re-litigate what has already been settled. *Id.*

In requiring a change in physical condition in order to terminate or modify benefits, the majority disregards the holdings of *Udvari* and *Hebden* which permit the filing of such modification or termination petitions based on evidence that a claimant's changeable condition has healed, and that there are no objective medical findings that either substantiate the claims of pain or connect them to the work injury. Where a Workers' Compensation Judge makes an adjudication of disability based on a claimant's subjective complaints of pain, the majority effectively makes such an adjudication irreversible and unassailable.

I agree with the majority that it is not sufficient for an employer merely to challenge the diagnosis of the claimant's injuries as determined by a prior proceeding, or to recharacterize the claimant's injuries in a manner inconsistent with prior adjudications. However, where an employer is unable to

provide objective evidence of a change in physical condition, but asserts that there is no evidence to support a claimant's purely subjective complaints, it is for the Workers' Compensation Judge to make a determination as to whether to accept or reject the claimant's subjective ailments.

Because in the instant case Dr. Stein merely challenged previous diagnoses and attempted to recharacterize several of the claimant's complaints in a manner inconsistent with prior adjudications, I agree with the decision of the majority to vacate the order of the Commonwealth Court affirming the termination of the claimant's workers' compensation benefits.