# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia Corporation for Aging : 
and Liberty Mutual, : 
　　　　　　　　　Petitioners : 
: 
　　　　　　v. : No. 1226 C.D. 2017
: SUBMITTED: February 2, 2018
Workers' Compensation Appeal : 
Board (Canty), : 
　　　　　　　　　Respondent : 

BEFORE: 　HONORABLE ROBERT SIMPSON, Judge
　　　　　　HONORABLE CHRISTINE FIZZANO CANNON, Judge
　　　　　　HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE LEADBETTER 　　　　　　　　FILED: April 2, 2018

　　　　Philadelphia Corporation for Aging and Liberty Mutual (collectively, "Employer") petition for review of an order of the Workers' Compensation Appeal Board (Board) that reversed the order of a Workers' Compensation Judge (WCJ), after remand, granting Employer's petition to terminate the workers' compensation benefits of Adrian L. Canty (Claimant). We affirm.

　　　　Claimant sustained an April 2012 work-related injury in the nature of cervical, dorsal, and lumbar strains as the result of a car accident during the course of her employment as an assessment worker for Employer. (WCJ's September 21, 2016, Decision, Findings of Fact (F.F.) Nos. 4(a) and 12.) Following the initial litigation, the WCJ granted her claim petition and dismissed Employer's first termination petition. Employer filed a second termination petition in September

2014, alleging that Claimant had fully recovered from her work injury as of August 13, 2014, the date of Steven Hausmann, M.D.'s independent medical examination (IME). In July 2015, the WCJ granted Employer's second termination petition, concluding that, as of the date of the IME, Claimant was fully recovered from her work injuries and able to return to her pre-injury job.

In May 2016, the Board remanded the matter to the WCJ to determine whether Employer had met its burden of establishing a change in Claimant's physical condition between the denial of the first termination petition and the second in accordance with *Lewis v. Workers' Compensation Appeal Board (Giles & Ransome, Inc.)*, 919 A.2d 922 (Pa. 2007). The WCJ issued a September 2016 decision with three new fact-findings and, once again, concluded that Employer had met its burden. The Board reversed and Employer's petition for review followed.

On appeal, Employer maintains that the Board erred in determining that the WCJ's decision was not supported by substantial competent evidence. In addition, Employer asserts that the Board improperly reweighed the evidence and disregarded the WCJ's credibility determinations, which Employer contends support a conclusion that Claimant's ongoing complaints are unrelated to the work injury. Employer's position is without merit.

In order to terminate benefits based on the theory that a claimant's disability has reduced or ceased due to an improvement in physical ability: "[I]t is first necessary that the employer's petition be based upon medical proof of a change in the claimant's physical condition. Only then can the [WCJ] determine whether the change in physical condition has effectuated a change in the claimant's disability, i.e., the loss of his earning power." *Id*. at 926. Where termination has been denied and the employer seeks a subsequent termination, the employer must establish that

a change in physical condition has occurred since the preceding disability determination. *Id.* "Absent this requirement 'a disgruntled employer (or claimant) could repeatedly attack what he considers an erroneous decision of a [WCJ] by filing petitions based on the same evidence ad infinitum, in the hope that one [WCJ] would finally decide in his favor.'" *Id.* (citations omitted). In summary, a simple finding of full recovery is insufficient. The WCJ must render a fact-finding accepting as credible a medical expert's opinion of full recovery and that this constitutes a change in the claimant's physical condition since the last disability adjudication. *Delaware Cty. v. Workers' Comp. Appeal Bd. (Browne)*, 964 A.2d 29, 35 (Pa. Cmwlth. 2008).

In the present case, the WCJ issued three new fact-findings in response to the Board's directive to address *Lewis*. One finding recited the remand and the reason therefore and the remaining two were as follows:

> 17. The undersigned finds that the weight of the medical evidence shows an improvement in the Claimant's condition – a change in [her] condition – from the time of the first decision denying termination until the time of the second decision of July 20, 2015 granting termination. Among other things, [Michael Molter, D.O.], one of [her] treating doctors, found [her] at maximum medical improvement [MMI] just prior to Dr. Hausmann's August 13, 2014 examination. Additionally, the undersigned in my June 10, 2013 decision found [her] less than fully recovered, accepting Dr. Hausmann in part.
>
> 18. Two years had passed between the October 5, 2012 and August 13, 2014 Dr. Hausmann examinations. I find Claimant improved in that interval – her condition changed – warranting a termination as of August 13, 2014.

(F.F. Nos. 17 and 18.) For the following reasons, we agree with the Board that Employer failed to meet its burden.

3

As the Board noted, the WCJ on remand relied, in part, on the opinion of Claimant's treating doctor, Dr. Molter. He opined that, just before Dr. Hausmann's 2014 IME, Claimant was at her maximum medical improvement (MMI). The Board rejected the WCJ's reliance on Dr. Molter, however, concluding that a determination of "MMI does not signify a change in physical condition, but rather that a claimant's condition has stabilized and her condition is unlikely to improve any further." (Board's August 10, 2017, Decision at 6.) The Board's analysis is sound.

As even the WCJ acknowledged, MMI "is the point where no further treatment is going to be effective for the patient and that is where they're [sic] at; no other treatment is available." (F.F. No. 9(p).) In that regard, the WCJ in his finding pertaining to Dr. Molter stated:

> 9(o). *Dr. Molter found that they could do nothing else, so he found Claimant to be at [MMI]. There was no other treatment available, so that would make her recovered as much as she's going to [be] from her accident. There are still the subjective complaints, but there isn't any indication that she has any condition that was curable in any way.*
> . . . .
> (q). *Dr. Molter didn't find Claimant to be fully recovered*, but her injuries were basically soft tissue injuries and the abnormalities on the diagnostic study couldn't be construed as being related. So the soft tissue injuries heal within eight to twelve weeks. They cannot really say why Claimant is still in pain. In terms of medical treatment for any specific traumatic injuries that occurred, there's nothing further available because those injuries have healed at this point and fully resolved.

(*Id.*, No. 9(o) and (q) (emphasis added)).

4

By way of analysis, the meaning of the MMI determination was that there was nothing more to do for Claimant, not that there necessarily was a complete healing and resolution of her work injuries. Accordingly, notwithstanding the WCJ's reference to the nature of soft tissue injuries, the above finding simply does not support his conclusion that the MMI determination was tantamount to a change in Claimant's medical condition and full recovery since the last disability adjudication.

Moreover, as the Board observed, the testimony of Dr. Hausmann, which the WCJ also found to be credible and relied upon, "indicated that both his examinations of Claimant in 2012 and 2014 established *substantially the same findings* and with *residual* symptoms." (Board's Decision at 6) (emphasis added). In pertinent part, Dr. Hausmann testified as follows:

> Q. Based upon the history that you took at your second IME and your physical examination and additional records that you had to review at that time, within a reasonable degree of medical certainty, did you form any opinions?
>
> A. Well, my opinion was that she had strain injuries to the neck, mid and lower back. The prior scoliosis I felt made her slower to recover. I didn't find any traumatic damage. I noted that the impact was fairly minor, and I didn't see anything on the CAT scan to show any bony injury.
> At that point, I didn't think that any further treatment was appropriate. I thought at that point that she had reached a point of [MMI] and that *she was going to be left with certain symptoms*. And I felt that she could return to work as a social worker at that time and I felt that she was *recovered with symptoms*.
>
> Q. I'm sorry, go ahead.
>
> A. Recovered with *residual symptoms*.

5

(Deposition of Dr. Hausmann, Notes of Testimony at 15-16; Reproduced Record at 13a) (emphasis added).

The above evidence does not establish the requisite change in medical condition nor an unequivocal medical opinion as to full recovery. Even had there been shown a change in medical condition, "[d]isability is presumed until demonstrated otherwise and it is the employer's burden to prove that all disability related to a compensable injury has ceased." *Browne*, 964 A.2d at 34 (citation omitted).

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia Corporation for Aging
and Liberty Mutual,      :
              :
            Petitioners    :
              :
           v.        :    No. 1226 C.D. 2017
              :
Workers' Compensation Appeal    :
Board (Canty),            :
           Respondent   :

# **O R D E R**

AND NOW, this 2nd day of April, 2018, the order of the Workers'
Compensation Appeal Board is hereby AFFIRMED.

 

 

---

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge