Joseph SCHACHTER, Petitioner

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (SPS TECHNOL-
OGIES), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 21, 2006.

Decided Oct. 12, 2006.

Reargument Denied Dec. 11, 2006.

David F. Stern, Philadelphia, for petitioner.

Audrey J. Copeland, King of Prussia, for respondent.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Joseph Schachter (Claimant) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) denying his claim for attorney's fees for unreasonable contest. In doing so, the Board reversed, in part, the decision of a Workers' Compensation Judge (WCJ) awarding such fees. In this case we consider whether an impairment rating evaluation is *res judicata* as to the permanency of a claimant's disability for purposes of a subsequently filed termination petition. The Board found that it was not. We agree and will affirm the Board's order.

Claimant was employed by SPS Technologies (Employer) as an electronics technician. On December 1, 2000, Claimant slipped on some oil and sustained a torn medial meniscus in his right knee. Employer filed a Notice of Compensation Payable acknowledging the injury and Claimant received workers' compensation benefits. At Employer's request, on November 24, 2003, Dr. Guy W. Fried conducted an impairment rating evaluation (IRE) and determined that Claimant had a "6% impairment of the total person." Reproduced Record at 9a. (R.R.——). As a result, Employer filed a Notice of Change of Workers' Compensation Disability Sta-

tus to reflect a change from total disability to partial disability. Thereafter, on February 27, 2004, Employer filed a petition to terminate benefits alleging that Claimant had fully recovered from his work injury as of January 5, 2004, the date Employer's independent medical examiner evaluated Claimant. On March 2, 2005, a hearing was held before the WCJ.

In support of its termination petition, Employer presented the deposition testimony of its independent medical examiner, Richard Schmidt, M.D., a board certified orthopedic surgeon. Dr. Schmidt examined Claimant on January 5, 2004, at which time he obtained Claimant's history and reviewed his medical records. Dr. Schmidt stated that a post-operative MRI of Claimant's knee revealed that the medial meniscus tear had been removed, and that Claimant's knee had sustained degenerative changes in the nature of a loss of water content of the meniscus. He testified that his examination revealed no acute distress; a normal gait; full range of motion in the right knee, including bending and straightening; no atrophy of the right leg; and normal motor strength and reflexes. Based on these findings, Dr. Schmidt opined that Claimant had fully recovered from his work-related right knee injury as of the date of the examination.

In opposition to the termination petition, Claimant testified on his own behalf. He stated that as a result of his knee condition he is unable to walk any significant distance; he sometimes has to crawl in order to get up stairs; he cannot climb; he suffers excruciating pain in his right knee about twice a week; and he has a hard time bending his knee. Claimant testified that these problems have not improved with time but, instead, have become increasingly worse. In Claimant's view, he

is not physically capable of returning to his pre-injury job as an electronics technician.

Claimant presented the deposition testimony of his treating physician, Walter Dearolf, III, M.D., a board certified orthopedic surgeon. Dr. Dearolf performed arthroscopic surgery on Claimant's knee on April 26, 2001. He diagnosed Claimant as having a medial meniscus tear of the right knee and opined that this injury was the direct result of the twisting injury that Claimant had sustained on December 1, 2000. Dr. Dearolf observed that Claimant could not twist or tork his knee or walk any distance without experiencing discomfort. Based on Claimant's history, his examinations, and a review of Claimant's medical records and impairment rating, Dr. Dearolf opined that Claimant had not fully recovered from the December 1, 2000, injury. He further opined that Claimant was not physically capable of returning to work in his pre-injury capacity.

Claimant also submitted into evidence a quantum meruit bill for his attorney's services. The bill reflected charges for 18.2 hours of services at $300 per hour, and 8.5 hours at $250 per hour, for a total charge of $7,585.

On review, the WCJ found the testimony of Dr. Dearolf to be more credible and persuasive than that of Dr. Schmidt. The WCJ also credited Claimant's testimony concerning his condition and complaints of pain. Based upon these findings, the WCJ concluded that Claimant had not fully recovered from the December 1, 2000, work-related injury to his right knee and denied Employer's termination petition. The WCJ also found Employer's contest was unreasonable and awarded Claimant attorney's fees in the amount of $7,545.[1]

Employer appealed the WCJ's decision to the Board. The Board affirmed the denial of Employer's termination petition, but it reversed the WCJ's award of attorney's fees for unreasonable contest. In doing so, the Board reasoned that the WCJ could have credited Dr. Schmidt's testimony, in which case Employer would have prevailed on its termination petition. Claimant now petitions this court for review.

Before this Court,[2] Claimant argues that the Board erred in reversing the WCJ's award of attorney's fees for unreasonable contest. Claimant contends that the IRE established that he was 6% permanently disabled and that Employer was precluded, therefore, from seeking to terminate benefits. Stated otherwise, Claimant argues that the impairment rating was *res judicata* as to the permanency of his disability, and that Employer's contest was *per se* unreasonable. Claimant also argues that Employer's Notice of Change of Workers' Compensation Disability Status, from total to partial, constituted a judicial admission that Claimant's condition was irreversible.

Broad *res judicata*, also referred to as issue preclusion or collateral estoppel, "forecloses relitigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment." *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 330, 632 A.2d 1302, 1304 (1993). In *Hebden*, our Su-

1. The amount awarded by the WCJ differs slightly from the total fee of $7,585 submitted by counsel.

2. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *McNulty v. Workers' Compensation Appeal Board (McNulty Tool & Die)*, 804 A.2d 1260, 1263 (Pa.Cmwlth.2002).

preme Court explained the operation of the *res judicata* doctrine in the context of a proceeding to terminate partial disability benefits after it had been determined in a prior proceeding that Hebden suffered from occupationally acquired pneumoconiosis. The Court reiterated the long-standing principle that an employer may not relitigate, by way of a termination or modification petition, the medical diagnosis that formed the basis of a claimant's original compensation award. *Id.* The Court further explained:

> We do not lose sight of the fact that the [Workers'] Compensation Act [Act] at Section 413 (77 P.S. § 772)[3] expressly provides that an award may be terminated based upon *changes* in the employee's disability. But that raises the logical question of whether an employee's disability is *changeable* in a given case. If it is, an employee's condition may be re-examined at a later time to see if he is still disabled or not. If it is not, an attempt to re-examine the employee's condition is merely a disguised attempt to relitigate what has already been settled. We think that the latter is what occurred here.

*Id.* at 331, 632 A.2d at 1304 (emphasis original). Because pneumoconiosis is irreversible, and progressive, the Supreme Court held that employer was precluded from relitigating the issue of Hebden's disability.

More recently, this Court considered the applicability of the *res judicata* doctrine in a different context, which is more analogous to the instant case. In *Wieczorkow-* *ski v. Workers' Compensation Appeal Board (LTV Steel)*, 871 A.2d 884 (Pa. Cmwlth.2005), the claimant sustained a right knee strain at work and was awarded total disability benefits. He subsequently entered into a supplemental agreement with his employer providing that "claimant's disability had resolved into a *permanent* partial disability and employer would remain responsible for all causally related medical expenses." *Id.* at 885 (emphasis original). Four years later, employer filed a termination petition alleging full recovery. The Board affirmed the WCJ's decision, specifically holding that the parties' supplemental agreement did not bar employer from seeking to terminate benefits. This Court affirmed, and in doing so echoed the Supreme Court's analysis in *Hebden:*

> We construe the plain unambiguous language of Section 413(a) to permit the termination of benefits recognized in a supplemental agreement at any time upon proof that the claimant's work-related disability has ceased. As our Supreme Court concluded in *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993), *the principle of res judicata or issue preclusion only precludes a challenge to a claimant's current disability status where the claimant's condition is clearly irreversible,* such as the case of a progressive occupational disease.

*Wieczorkowski,* 871 A.2d at 887 (emphasis added) (footnotes omitted). *See also City of Pittsburgh v. Workers' Compensation*

---

**3.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772. Section 413 of the Act provides, in pertinent part:

> A workers' compensation judge designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the

> department or its workers' compensation judge, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased.

77 P.S. § 772.

*Appeal Board (Wiefling)*, 790 A.2d 1062, 1067 (Pa.Cmwlth.2001) (noting that "a finding of a permanent disability is not the equivalent of a finding that the injury is irreversible.").

Applying the principles established in above-cited precedent, we reject Claimant's argument that the IRE establishing a "6% impairment of [his] total person" precluded Employer from filing a termination petition. *Hebden* and *Wieczorkowski* establish that *res judicata* only precludes a challenge to a claimant's current disability status if the claimant's "permanent" disability is clearly irreversible.[4] Here, there is no evidence of record that Claimant's right knee injury constituted an irreversible condition.[5] Adopting Claimant's position would mean that an impairment greater than 0% would foreclose an employer from modifying or terminating benefits, which would discourage an employer from availing itself of the IRE procedure. Further, it is at odds with the IRE remedies, which are in addition to, not a replacement of, the remedies available to an employer who believes that an employee's loss of wages is not the result of a work-related injury. Thus, for the foregoing reasons, we conclude that Employer was not precluded from seeking to terminate Claimant's benefits simply because of his 6% impairment rating.

We consider, next, Claimant's argument that the Board erred in reversing the WCJ's award of attorney's fees for unreasonable contest. Under Section 440 of the Act, a claimant who prevails, in whole or in part, is entitled to recover reasonable attorney's fees from the employer unless the employer satisfies its burden of establishing a reasonable basis for the contest. *McGuire v. Workmen's Compensation Appeal Board (H.B. Deviney Co.)*, 140 Pa.Cmwlth.68, 591 A.2d 372, 374 (1991). A reasonable contest exists when medical evidence is conflicting or is susceptible to contrary inferences, and there is no evidence that the employer's contest was frivolous, *i.e.* not brought to resolve a genuinely disputed issue, or filed to harass the claimant. *County of Delaware v. Workmen's Compensation Appeal Board (Thomas)*, 168 Pa.Cmwlth.231, 649 A.2d 491, 496 (1994). The question of whether a contest is reasonable is a question of law fully reviewable by this Court. *Id.*

We reject Claimant's argument for two reasons. First, as discussed more fully above, the doctrine of *res judicata* did not bar Employer from challenging Claimant's disability status. It was therefore not unreasonable *per se* for Employer to file a termination petition. Second, Employer offered into evidence the testimony of its independent medical examiner, Dr. Schmidt, who opined that Claimant had

---

4.  Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2, sets forth the procedures for requesting an IRE. In defining an "impairment" for purposes of Section 306(a.2), the legislature stated "the term 'impairment' shall mean an anatomic or functional abnormality or loss that results from the compensable injury and is *reasonably presumed to be permanent.*" 77 P.S. § 511.2(8)(i) (emphasis added). Thus, the Act does not refer to a permanent, as opposed to an irreversible, injury; it merely contemplates that an impairment is only reasonably presumed to be permanent. Even if

"permanent" was synonymous with "irreversible," the statute allows for a subsequent challenge based upon changes in a claimant's disability.

5.  We reject, for similar reasons, Claimant's argument that Employer's Notice of Change of Workers' Compensation Disability Status, from total to partial, constituted a judicial admission. By doing so, Employer may have admitted that Claimant was permanently disabled; however, it was not an admission that Claimant's injury was irreversible.

fully recovered from his work-related knee injury. This evidence is directly contrary to the testimony of Claimant's medical expert, Dr. Dearolf, that Claimant had not fully recovered from his injury. The Board correctly observed that the WCJ could have found Dr. Schmidt's testimony more credible and persuasive than that of Dr. Dearolf, in which case Employer would have likely prevailed.[6] Employer filed the termination petition to resolve a genuinely disputed issue concerning the extent of Claimant's recovery.

For these reasons, the decision of the Board is affirmed.

## ORDER

AND NOW, this 12th day of October, 2006, the adjudication of the Workers' Compensation Appeal Board dated January 24, 2006, in the above captioned matter is hereby affirmed.

---

6. In a termination petition the employer bears the burden of establishing that the claimant has fully recovered from his work-related injury. *Udvari v, Workmen's Compensation Appeal Board (USAir, Inc.),* 550 Pa. 319, 323, 705 A.2d 1290, 1291 (1997). One way an employer can satisfy this burden is by offering unequivocal medical evidence which establishes with a reasonable degree of medical certainty that the claimant has fully recovered and can return to work without restrictions, and the WCJ finds that testimony to be credible. *Id.* at 327, 705 A.2d at 1293.