**SIGN INNOVATION, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (AYERS), Respondent**

**Ron Ayers, Petitioner**

v.

**Workers' Compensation Appeal Board (Sign Innovation), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 2007.

Decided Dec. 4, 2007.

Daniel K. Bricmont, Pittsburgh, for designated appellant, Ronald Ayers.

Regis J. Moeller and Susan V. Berman Mason, Pittsburgh, for designated respondent, Sign Innovation.

BEFORE: PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Ron Ayers (Claimant) and Sign Innovation (Employer) each petition for review

of the adjudication of the Workers' Compensation Appeal Board (Board) that affirmed the Workers' Compensation Judge's (WCJ) dismissal of Employer's modification petition but reversed the WCJ's award of unreasonable contest attorney's fees. In this appeal, we consider whether an employer may seek a modification of disability benefits under the Workers' Compensation Act (Act)[1] even though an impairment rating evaluation (IRE) reveals that the claimant is 50 percent impaired. We also consider whether Employer's contest in this matter was reasonable.

Claimant sustained a work-related injury on July 3, 2002, while performing his job as a service technician. Employer issued a Notice of Compensation Payable describing the injury as an arm and wrist fracture and paying total disability benefits as of July 4, 2002. On June 8, 2004, Claimant underwent an independent medical examination (IME) with Marc Adelsheimer, M.D., who diagnosed Claimant with reflex sympathetic dystrophy that was caused by his left wrist and arm fractures. Dr. Adelsheimer opined that Claimant could perform medium-duty work that did not require lifting more than 10 pounds with his left arm and forty pounds with his right arm. In response to Dr. Adelsheimer's report, Employer's vocational expert met with Claimant on September 2, 2004, for purposes of performing an earning power assessment and labor market survey.

In the meantime, Claimant had reached 104 weeks of total disability benefits. At Employer's request, Claimant underwent an IRE with Ellen Mustovic, M.D. on October 28, 2004, pursuant to Section 306(a.2)(1) of the Act, 77 P.S. § 511.2(1).[2]

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

2. Section 306(a.2)(1) of the Act, added by the Act of June 24, 1996, P.L. 350, provides:

Dr. Mustovic determined that Claimant had a whole person impairment of 50 percent. Under the Act, a 50 percent impairment means that Claimant is presumed to be totally disabled and his status as totally disabled cannot be changed, unilaterally, by Employer. On the other hand, if Claimant's impairment had been less than 50 percent, Employer could have unilaterally changed Claimant's *status* to partial disability as permitted in Section 306(a.2)(2) of the Act.

In September 2005, Employer filed a modification petition, seeking to modify Claimant's benefits based on the labor market survey, which revealed that work was generally available to Claimant. Claimant moved to dismiss Employer's petition based on Dr. Mustovic's impairment rating of 50 percent.[3]

The WCJ denied Employer's modification petition, concluding that, as a matter of law, Employer was not entitled to proceed with its petition because the IRE had determined that Claimant was 50 percent impaired. As such, Claimant was presumed to be totally disabled. The WCJ further concluded that Employer failed to

establish a reasonable contest. Employer appealed.

■ The Board affirmed the denial of the modification petition. It held that Employer could rebut Claimant's presumption of total disability with evidence of earning power, but it could not do so on the basis of evidence that pre-dated the IRE. On the other hand, the Board held that Employer's contest was reasonable, given the uncertainty in this area of law, and reversed the WCJ's award of attorney's fees. Both Claimant and Employer then filed their respective appeals to this Court.[4]

Employer presents one issue on appeal. Employer argues that its modification petition should not have been dismissed simply because Employer's evidence of Claimant's ability to work pre-dates the IRE finding that Claimant is 50 percent impaired. Claimant also presents one issue, namely, that the Board erred in concluding that Employer's contest was reasonable.

■ We begin with Employer's appeal. Employer argues that the IRE determination that Claimant was 50 percent im-

---

When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

77 P.S. § 511.2(1).

3. At hearing, Employer submitted Dr. Adelsheimer's IME report, a Notice of Ability to Return to Work form, and the earning power assessment and labor market survey results based on jobs available from September 2004 to December 2004. These documents were not admitted into evidence because of a hearsay objection.

4. This Court's scope and standard of review of an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *City of Philadelphia v. Workers' Compensation Appeal Board (Brown)*, 830 A.2d 649, 653 n. 2 (Pa.Cmwlth.2003).

paired was irrelevant to Employer's ability to pursue a modification of disability based upon an IME and earning power assessment that were each done shortly before the IRE. Employer argues that this Court's holdings, particularly that in *Weismantle v. Workers' Compensation Appeal Board (Lucent Technologies)*, 926 A.2d 1236 (Pa.Cmwlth.2007), have established that an employer may seek to change a claimant's disability *status* through the IRE while simultaneously pursuing a modification or termination of disability benefits.[5] An impairment rating of 50 percent fixes a presumption of total disability status, but it is a presumption that can be rebutted by evidence that the claimant can perform some work. Thus, Employer contends its modification petition should have proceeded on course, notwithstanding Claimant's IRE impairment rating.

Claimant counters that to allow Employer's modification petition to proceed in spite of a 50 percent impairment rating renders the Section 306(a.2)(2) presumption of total disability status meaningless. Claimant does not address our holding in *Weismantle*, except to note that because a petition for allowance of appeal to the Pennsylvania Supreme Court has been filed in *Weismantle*, it should be afforded little weight in this case.[6] Claimant also argues that our Supreme Court's recent

holding in *Lewis v. Workers' Compensation Appeal Board (Giles & Ransome, Inc.)*, 591 Pa. 490, 919 A.2d 922 (2007), teaches that Employer cannot rebut the presumption of Claimant's total disability status without presenting evidence that there has been a change in the degree of his impairment.[7]

We begin with a review of Section 306(a.2) of the Act, which establishes the rules with respect to an employer's ability to change a claimant's disability status. An "impairment" is defined as "an anatomic or functional abnormality or loss that results from the compensable injury and is reasonably presumed to be permanent." Section 306(a.2)(8)(i) of the Act, 77 P.S. § 511.2(8)(i). Under Section 306(a.2)(2), a claimant found to be 50 percent impaired in the IRE is presumed to be totally disabled. On the other hand, if a claimant is found to be less than 50 percent impaired, his benefits will be categorized as partial disability benefits. Section 306(a.2)(2) states:

> If such determination results in an impairment rating that meets a threshold impairment rating that is *equal to or greater than fifty per centum impairment* under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," *the employe shall be pre-*

---

**5.** We recognize that the adjudications of the WCJ and the Board were both issued prior to our decision in *Weismantle*.

**6.** Our Supreme Court denied the petition for allowance of appeal on November 28, 2007.- —— Pa. ——, 937 A.2d 448, (No. 324 WAL 2007, filed November 28, 2007). *Weismantle* contains the most current statement of the relevant law and we will apply it to this case.

**7.** Claimant also argues that an employer may not seek to modify benefits based on evidence of earning power unless the claimant has been determined to be less than 50 percent

impaired. Claimant appears to have subsequently abandoned this argument. If the law were as Claimant suggests, one wonders why an employer would ever have the claimant undergo an IRE, because an impairment rating of 50 percent would preclude the employer from proving that the claimant has earning power. Under Claimant's theory, the employer that sends a claimant to an IRE and receives an impairment rating of 50 percent would have to continue to pay total disability benefits until the claimant's impairment rating improves to less than 50 percent. Claimant's theory mixes apples and oranges, *i.e.*, a body impairment and actual ability to work.

sumed to be *totally disabled* and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than fifty per centum impairment ... the employe shall then receive partial disability benefits under clause (b): Provided, however, That no reduction shall be made until sixty days' notice of modification is given.

77 P.S. § 511.2(2) (emphasis added). Notably, the change in a claimant's status from full to partial disability does not affect the amount of that claimant's disability compensation. Section 306(a.2)(3) states:

> Unless otherwise adjudicated or agreed to based upon a determination of earning power under clause (b)(2), *the amount of compensation shall not be affected as a result of the change in disability status and shall remain the same.* An insurer or employe may, at any time prior to or during the five hundred-week period of partial disability, show that the employe's earning power has changed.

77 P.S. § 511.2(3) (emphasis added).

Nevertheless, in providing that the disability benefit amount is unaffected by "a change in disability status," the legislature left open the possibility that the claimant's actual earning power remains an issue that can be adjudicated "under clause (b)(2)." *Id.* "Clause (b)(2)" states in relevant part as follows:

> "Earning power" shall be determined by the work the employe is capable of performing and shall be based upon expert opinion evidence which includes job listings with agencies of the department, private job placement agencies and advertisements in the usual employ-

ment area. *Disability partial in character shall apply if the employe is able to perform his previous work or can, considering the employe's residual productive skill, education, age and work experience, engage in any other kind of substantial gainful employment* which exists in the usual employment area in which the employe lives within this Commonwealth.... In order to accurately assess the earning power of the employe, the insurer may require the employe to submit to an interview by a vocational expert who is selected by the insurer and who meets the minimum qualifications established by the department through regulation.

77 P.S. § 512(2) (emphasis added).[8] Here, Employer believes that Claimant has earning power, notwithstanding his 50 percent impairment rating, as Employer determined before filing its modification petition.

We have previously addressed the interplay between a claimant's impairment rating and his actual earning power. In *Schachter v. Workers' Compensation Appeal Board (SPS Technologies),* 910 A.2d 742 (Pa.Cmwlth.2006), a claimant was found to be 6 percent impaired, but subsequently underwent an IME that revealed a full recovery. Claimant argued that the employer could not seek a termination of his benefits because his impairment was "reasonably presumed to be permanent" under Section 306(a.2)(8)(i) of the Act. We rejected this argument, explaining that an impairment determination under the AMA guidelines does not mean that a claimant is unable to work. We also explained that "the IRE remedies ... *are in addition to, not a replacement of,* the remedies avail-

---

8. For purposes of workers' compensation, a "disability" is defined as the loss of earning power attributable to the work-related injury.

*Landmark Constructors, Inc. v. Workers' Compensation Appeal Board (Costello),* 560 Pa. 618, 625, 747 A.2d 850, 854 (2000).

able to an employer who believes that an employee's loss of wages is not the result of a work-related injury." *Id.* at 746 (emphasis added).

Thereafter, we issued *Weismantle,* 926 A.2d 1236. In that case, during a pending termination proceeding, the claimant reached 104 weeks of total disability. He attended an IRE and was found to have a 10 percent impairment rating. The claimant argued that the termination petition was mooted by the subsequent IRE finding of a 10 percent impairment. We held otherwise.

Section 306(a.2)(1) requires an employer to request an IRE within 60 days following 104 weeks of total disability, or it loses the opportunity to change the claimant's benefit status to partial. Indeed, "[t]here is no exception from this deadline for the case where a termination [or other petition] is pending." *Weismantle,* 926 A.2d at 1240.[9] The Act does not establish a logical timeline between an IRE and a termination. Although such a timeline may be desirable, it is "not possible given the strict statutory deadlines that govern an IRE." *Id.*

We also explained in *Weismantle* that the inquiry made in an IRE is the degree of a claimant's impairment, and this is not the same as the inquiry into whether the claimant is disabled under the Act, *i.e.,* whether the claimant is capable of performing some work. We stated that "an individual may be impaired physically, but the impairment does not affect the individual's earning capacity." *Id.* at 1240, n. 10. Thus, the employer has "the right to pursue an IRE and a termination without regard for the other." *Id.* at 1240.

Employer contends that *Schachter* and *Weismantle*[10] support its argument that an employer may seek a modification of benefits based on an IME and earning power assessment, even where a subsequent IRE determines the claimant to be at least 50 percent impaired. Although *Schachter* and *Weismantle* dealt with a termination of benefits, Employer argues their logic applies with equal force to a modification. We agree. Further, the regulation at 34 Pa.Code § 123.105(e),[11] interpreting Section 306(a.2) of the Act, specifies that an employer may *at any time* rebut the presumption of total disability with evidence of earning power under Section 306(b)(2). If an employer has evidence that a claimant has earning power, the employer is free to prove the claimant's earning power through a modification petition. If, in the meantime, the claimant reaches 104 weeks of total disability, the employer must request, within 60 days, that the claimant attend an IRE for the purpose of assessing his degree of impairment. Impairment is not the same as

---

**9.** This strict 60–day deadline was announced in *Dowhower v. Workers' Compensation Appeal Board (CAPCO Contracting),* 591 Pa. 476, 483, 919 A.2d 913, 917–918 (2007).

**10.** Claimant's reliance on *Lewis v. Workers' Compensation Appeal Board (Giles & Ransome, Inc.),* 591 Pa. 490, 919 A.2d 922 (2007) is misplaced. *Lewis* held that an employer must prove a change in physical condition since the last disability determination or adjudication. *Lewis* concerned a termination under Section 413(a) of the Act, 77 P.S. § 772, not a change in disability status by reason of an IRE.

**11.** The regulation states as follows:

> If the evaluation results in an impairment rating that is equal to or greater than 50%, the employee shall be presumed to be totally disabled and shall continue to receive total disability compensation. The presumption of total disability may be rebutted at any time by a demonstration of earning power in accordance with section 306(b)(2) of the act (77 P.S. § 512(b)(2)) or by a subsequent IRE which results in an impairment rating of less than 50%.

34 Pa.Code § 123.105(e).

disability, *i.e.*, loss of earning power, and further, there is no exception to the strict 60–day requirement for an employer that has already begun the process of proving that the claimant has earning power prior to the expiration of 104 weeks.

Because Employer was entitled to pursue its modification petition based on earning power and simultaneously pursue an IRE remedy, the WCJ and the Board erred in dismissing Employer's modification petition. Accordingly, we will vacate the Board's dismissal of the modification petition and remand this matter to the Board with instructions to remand to the WCJ for proceedings on the merits of the modification petition based on earning power.

■ We turn now to Claimant's appeal. Claimant argues that Employer's contest was unreasonable because the Act does not allow for a modification based on evidence of earning power that precedes an IRE that yields an impairment rating of 50 percent or greater. Under Section 440 of the Act, 77 P.S. § 996, a claimant who is successful in whole or in part is entitled to an award of attorney's fees, unless the employer's contest is reasonably based.[12] Because we are vacating the dismissal of the modification petition, Claimant is not successful in the litigation and, therefore, is not entitled to attorney's fees.[13]

In summary, we affirm the Board's denial of attorney's fees. We also vacate the denial of the modification petition and remand to the Board with instructions to remand the matter to the WCJ for a decision on the merits of Employer's modification petition.

### ORDER

AND NOW, this 4th day of December, 2007, the order of the Workers' Compensation Appeal Board dated March 12, 2007 in the above captioned case is hereby affirmed with respect to the denial of attorney's fees. The remainder of the order denying Employer's modification petition is hereby vacated and the matter is remanded to the Board with instructions to remand to the WCJ for further proceedings and a determination on the merits of the modification petition based on earning power.

Jurisdiction relinquished.

---

**12.** Section 440(a), added by the Act of February 8, 1972, P.L. 25, provides in relevant part: In any contested case where the insurer has contested liability in whole or in part ... the employe ... in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or insurer.

77   P.S. § 996.

**13.** Claimant argues in his reply brief that this Court should strike portions of the supplemental reproduced record, specifically legal briefs prepared by Employer for submission to the WCJ and Board, because the briefs are not part of the certified record. This request is somewhat curious because Claimants counsel, by his admission, is the one who prepared the supplemental reproduced record. Claimants reply brief at 5. At any rate, we have not relied on the briefs which are, as Claimant correctly points out, not part of the certified record.